IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David F. Welch,

                 Plaintiff,

          v.

Harold May, *et al.*,

                 Defendants.

                         Case No. 23-cv-02019

                         **ORDER**

This is a lawsuit brought by an inmate at Marion Correctional Institution ("MCI") under 42 U.S.C. § 1983. Plaintiff David F. Welch's claims relate to the allegedly inadequate medical response to two conditions: (1) the physical consequences of a slip and fall; and (2) bleeding and pain during urination.

Before me are three motions: Plaintiff's Motion for Preliminary Injunction (Doc. 3), Defendants' Motion to Dismiss (Doc. 13), and Plaintiff's Motion for Leave to Amend the Complaint (Doc. 17).

I held the preliminary injunction motion in abeyance pending discovery. (*See* Minute Order dated November 28, 2023; Minute Order dated December 11, 2023).

In the meantime, Defendants filed their motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. (Doc. 13). Plaintiff filed an opposition (Doc. 16), and Defendants filed a reply (Doc. 18).

Defendants base their motion on a provision of Ohio law that provides that, where a plaintiff filed suit to recover on a claim in the Ohio Court of Claims, that plaintiff cannot thereafter maintain the causes of action in the complaint in any other court—*i.e.*, —here. The issue is whether the

claim made in Plaintiff's complaint here, for failure to treat an underlying medical condition, was separate from his slip and fall claim in the Court of Claims.

While the parties were briefing the motion to dismiss, Plaintiff filed a motion for leave to file an amended complaint. (Doc. 17). Defendants opposed the motion (Doc. 19) and Plaintiffs filed a reply (Doc. 22).

Plaintiff's proposed amended complaint removes all references to the slip and fall claim, so as to eliminate references to the claims that he already brought in the Court of Claims. The issue is whether that removal "cures" the defect, or whether the claims Plaintiff sets forth in his Court of Claims case still bar his claims here.

For the reasons that follow, I grant the motion to dismiss. (Doc. 13). I deny the motion for preliminary injunction as moot (Doc. 3) and deny the motion to amend (Doc. 17) because, based on my reasons for granting the motion to dismiss, amendment of the complaint would be futile.

## Background

Plaintiff worked in the MCI kitchen where, on December 2, 2022, he slipped and fell backwards on a wet floor. (Doc. 13-1, PgID. 402). His fall caused him pain in his head, neck, and back. (*Id*. at PgID. 403).

On October 9, 2023, Plaintiff filed a complaint in the Ohio Court of Claims against the Ohio Department of Rehabilitation and Correction ("ODRC"). (*See* Doc. 13-1, PgID. 401). The ODRC operates MCI. (*Id*.). Plaintiff's Court of Claims suit alleged that the ODRC was negligent in allowing a dangerous condition (the slippery floor in the MCI kitchen) to exist. (*Id*. at 403–04).

Along with the complaint, the Court of Claims required Plaintiff's counsel to submit a "Statement of the Existence of Connected Actions, Designation Form, Required by L.C.C.R. 15(C) Mailed by Clerk of the Court of Claims." (Doc. 13-2, PgID. 406). The form states:

> I certify that to the best of my knowledge, the following is a comprehensive statement of the existence of all connected cases, claims, or applications which are based on essentially the same facts as those alleged in the complaint or petition for removal of the above-captioned Court of Claims case, and which are pending in any other court, bureau, board, commission, or agency.

> PART I. <u>Statement of Existence of Connected Court Cases</u>.  The following is a statement of the existence of all cases connected to the above-captioned case which are pending in courts other than the Court of Claims of Ohio. […]

(*Id*.)

Below this prompt, counsel hand wrote "*Welch v. May* No. 23-cv-02019". In other words, he indicated that his Court of Claims case was connected to this case. (*Id*.)

Counsel for Plaintiff signed and dated the certification form after the following statement:

> I certify that I have read and understand L.C.C.R. 15(C) and the contents of this form. I understand that I am charged with a continuing duty to notify the Clerk of the Court of Claims if I file or learn of a case in any other court which is connected to the above-captioned action filed in the Court of Claims, or if I file or learn of a claim, action, or application for relief in any bureau, board, commission or agency which is connected to the above-captioned claim filed in the Court of Claims. []

> I further certify that I have served a completed copy of this form to the Attorney General and all other parties pursuant to Civ. R. 5.

(*Id*. at PgID. 408).

On October 15, 2023, Plaintiff filed his complaint in this case. (Doc. 1). He brought claims against individual state employees for medical indifference and for First Amendment retaliation. (*Id*.).  He included a description of the December 2, 2022, slip and fall incident in the MCI kitchen. (*Id*. at PgID. 11–13). He alleged that, after filing grievances related to the fall and hiring counsel, Defendants retaliated against him. (*Id*.). He alleged he lost the opportunity to work in the kitchen. (*Id*.). He also alleged MCI staff unjustifiably searched his cell in the middle of the night. (*Id*.).

Plaintiff's original complaint in this case also describes a series of incidents, beginning in spring of 2023, where he found blood in his urine and experienced urinary tract and abdominal pain. (*Id*. at PgID. 7). He describes multiple visits to medical staff at MCI. The treatments offered

3

did not resolve his symptoms. (*Id.* at PgID. 7–11). He also argues that the medical staff did not conduct proper testing to form a diagnosis of his condition. (*Id.*).

On December 8, 2023, the Court of Claims issued an Order staying the action pending final disposition of this action. (Doc. 13-3, PgID. 409).

### Legal Standard

### 1. Rule 12(b)(1)

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

A facial attack "questions [ ] the sufficiency of the pleading." *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). "When reviewing a facial attack, a district court takes the allegations in the complaint as true." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (quoting *Gentek*, *supra*, 491 F.3d at 330).

"If those allegations establish federal claims, jurisdiction exists." *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009). But "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Rote*, *supra*, 816 F.3d at 387 (quoting *O'Bryan*, 556 F.3d at 376). "This approach is identical to the approach used by the district court when reviewing a motion invoking Federal Rule of Civil Procedure 12(b)(6)." *Glob. Tech., Inc.*, *supra*, 807 F.3d at 810.

A factual attack, by contrast, "raises a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist.'" *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 817 (6th Cir. 2017) (*overruled on other grounds by Freed v. Thomas*, 81 F.4th 655 (6th Cir. 2023)). In a factual attack

4

on subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations," *Gentek*, *supra*, 491 F.3d at 330, and "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

"In considering a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, a district court may consider factual matters outside the pleadings and resolve factual disputes." *Anestis v. United States*, 749 F.3d 520, 524 (6th Cir. 2014); *see also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (stating that the court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts").

When a court's subject-matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden to prove jurisdiction. *Glob. Tech., Inc.*, *supra*, 07 F.3d at 810 ("[T]he party invoking federal jurisdiction has the burden to prove that jurisdiction.").

### 2.  Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), I decide whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). This statement must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, *supra*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to

relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

## Discussion

Ohio Revised Code § 2743.02(A)(1) states, in relevant part:

> The state hereby waives its immunity from liability, […], and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter […]

> Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

As summarized by the Sixth Circuit, this provision "waives the state's sovereign immunity and declares that the state consents to be sued in the Court of Claims." *Leaman*, *supra*, 825 F.2d at 951. The Court explained further:

> Under the statute, as we have seen, claimants who might wish to take advantage of the state's waiver of its sovereign immunity are put on notice that the waiver will be effective as to them only if they themselves waive any cognate claims they might have against the state's employees. And the statute tells prospective suitors in the Court of Claims that the waiver of cognate claims will be "a *complete* waiver of *any* cause of action ... which the filing party has against any state officer or employee." Ohio Revised Code § 2743.02(A)(1) (emphasis supplied).

*Id*. at 951–92 (emphasis in original).

Defendants argue that this statute bars Plaintiff's complaint in this case. I agree.

Plaintiff brought his complaint in the Court of Claims against the ODRC days before filing suit in this Court. (*See* Doc. 13-1, PgID. 401). By electing to file suit in the Court of Claims, Plaintiff waived his right to bring his complaint here against the individual defendants. (*See* Doc. 1).

Before filing either of the lawsuits, Plaintiff had the option to elect to bring:

6

a § 1983 action against the state's officials just as if the Court of Claims Act had never been passed. Such an action may be maintained either in federal court or in an Ohio court of common pleas, without any necessity of filing an action in the Court of Claims.

*Id.* at 953.

It is consistent with this well-established law to grant Defendants' motion to dismiss this case. (Doc. 13). My inquiry, however, does not end there because, as stated above, Plaintiff filed a motion for leave to file an amended complaint.[1] (Doc. 17).

As discussed above, both the original complaint here and the Court of Claims complaint set forth details of Plaintiff's injuries arising out of the December 2, 2022 slip and fall in the MCI kitchen.  In Plaintiff's amended complaint, he eliminates reference to the fall in the MCI kitchen, and instead focuses only on his urinary tract and abdominal symptoms. (*See* Doc. 17-1, PgID. 436–49).

Under Federal Rule of Civil Procedure 15, a plaintiff may amend a complaint as a matter of course, with the opposing party's written consent, or with the district court's leave to do so. *See* Fed. R. Civ. P. 15(a)(1)–(2). The third circumstance is applicable here. (*See generally*, Doc. 17). Rule 15(a)(2) instructs that I "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

---

[1] Defendants argue that, because I should grant their motion to dismiss Plaintiff's complaint, I no longer have subject matter jurisdiction to consider Plaintiff's seeks to file an amendment. (*See* Doc. 19, PgID. 458). However, the motion to dismiss was not decisional at the time Plaintiff filed his motion for leave to amend.

In such circumstances where a motion to dismiss is pending when a plaintiff files a motion to amend, district courts generally consider whether the proposed amended pleading purports to cure a defective earlier pleading. *See* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1476, *Effect of an Amended Pleading* (3d. ed. July 7, 2023). If it the alleged defect is cured, then the amended complaint is generally "considered superseded by the amendment." *Id.* Further, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion [to dismiss] as being addressed to the amended pleading." *Id.*

However, a motion to amend "may be denied for futility if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Midkiff v. Adams County Regional Water Dist.*, 409 F. 3d 758, 767 (6th Cir. 2005).

For the reasons that follow, Plaintiff's amendment is futile, and therefore I deny the motion to amend. (Doc. 17).

As stated, Plaintiff's proposed amended complaint does not allege a link between his urinary tract issues to the slip and fall, as he did in his original complaint. (*See* Doc. 17-1). However, I cannot ignore counsel's earlier representations to me in his original complaint and to the Court of Claims establishing that these issues are intertwined. (*See* Doc. 1, PgID. 11–14, 18–19). Nor does Plaintiff's motion to amend explain why his position has changed between his original and amended complaint.

For example, Plaintiff's original complaint contained, as an exhibit, his counsel's June 19, 2023 letter to Warden May, wherein counsel blends Plaintiff's slip and fall injury with the urinary tract issues. It stated, in relevant part:

> The law firm of Tompkins, Selph & Associates currently represents David F. Welch ("Mr. Welch") for an injury he sustained as a result of a slip and fall while incarcerated at the Marion Correctional Institution, with Ohio Department of Rehabilitation and Correction. While incarcerated at your facility, Mr. Welch slipped on a wet floor at Marion Correctional Institution cafe on December 22, 2023. Since the day of Mr. Welch's accident, he has developed severe pain in his back, kidney area and lumbar area, has started to urinate blood and has continuous blood running down his leg. Mr. Welch has filed a grievance for proper treatment but he was only given a gauze and Ibuprofen which he cannot take due to his history of pancreatitis. We are demanding that Mr. Welch receive immediate and proper treatment for his symptoms.

(Doc. 1-1, PgID. 22).

Exhibits attached to a complaint, such as this letter, are part of the record and I may consider them in evaluating Defendants' motion to dismiss. See *Fulton v. Enclarity, Inc.*, 962 F.3d 882, 890

8

(6th Cir. 2020); *and see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

When counsel presents a pleading or other paper to the court, he or she certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … [that] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b).

In the original complaint, counsel did not "specifically … identif[y]" those allegations linking the December 22, 2023 fall to the urinary tract and abdominal issues as allegations that "will likely have evidentiary support." Accordingly, I take the representations made by counsel in his June 19, 2023 letter and throughout the original complaint as supported allegations.

Had Plaintiff identified the link between the two issues as one he believed would later have evidentiary support, and if his motion to amend explained that, after a reasonable opportunity for further investigation, the events were not linked, then the outcome here may have been different. But that is not what happened.

Moreover, and significantly, as discussed above, counsel for Plaintiff certified in a handwritten form to the Ohio Court of Claims that the claims there were "connected" to the claims brought in the case before me. (Doc. 13-2, PgID. 408). He has not set forth any indication that he has made an effort to correct or change the record in the Court of Claims.

Accordingly, I find that Plaintiff, having already alleged both here and in the Court of Claims that the facts of the cases are intertwined, cannot un-ring that bell. His effort to amend his complaint is futile. Therefore, I deny the motion to amend. (Doc. 17).

**Conclusion**

It is, therefore, ORDERED THAT:

1. Plaintiff's motion to amend the complaint (Doc. 17) be, and the same hereby is, denied;

2. Defendants' motion to dismiss (Doc. 13) be, and the same hereby is, granted; and

3. Plaintiff's motion for preliminary injunction be, and the same hereby is, denied as moot.

SO ORDERED.

/s/James G. Carr
Sr. U.S. District Judge